C. C. JONES, *alias* JACK JONES, V. THE STATE.

No. 23649. Delivered May 7, 1947.

No attorney of record on appeal for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was sentenced, upon a jury verdict, to ten years in the penitentiary on a charge of rape. The indictment contained several counts and the jury's verdict of guilt was based on the second, which charged carnal knowledge of a female not the wife of accused who was under the age of eighteen years.

The record is before us without bills of exception. No brief has been filed in the case by appellant and we are not advised of the claim for reversal. The evidence is amply sufficient to sustain the conviction in that direct proof was made of all the elements of the offense charged.

The appellant, a married man, went out for a night of revelry with a party of six other boys and girls crowded into a two-door two-seated car, of which he was the driver. One of the party, a married woman, testified that she had been dating appellant and expected this occasion to be a date with him. For some reason he took a notion, however, to a young girl in the car who was only fifteen years of age. After they had visited an eating place, had drank both beer and whisky to the extent that the above quoted witness, the only one who testified in his behalf, said she had become under the influence of liquor but believed that she had not passed out, they then drove into the country and over a side road a few miles where they stopped and the offense is alleged to have occurred.

The appellant announced his purpose to get in the pants of this young girl and, after getting the best of a fight in which one of the boys attempted to take the part of the prosecuting witness, appellant forced his victim into a field, carrying with him a blanket. All of this was testified to by other parties in the car. In a few minutes they returned to the car and to Amarillo where, at a late hour of the night, the parties separated. Early the next morning the prosecutrix went to her father, who lived on a ranch and during the day they went to the sheriff's office. Following an investigation by the sheriff and district attorney, she was, on the next day, carried to the county physician who examined her private parts and whose testimony fully and completely corroborates the story told by the prosecutrix.

The only weakness we find in her testimony is her statement that he did not penetrate her. That was a legal conclusion. She then described what took place and this description is sufficient, legally, to establish penetration. The testimony of the doctor is positive that she had been penetrated some seventy-two hours prior to his examination. Coupled with the declarations of the accused, we do not see how there could be any doubt as to the sufficiency of the evidence. Appellant did not testify and none of the evidence on this point is contradicted by any

witness. We think the jury was fully supported in its conclusion of guilt.

Finding no reversible error, the judgment of the trial court is affirmed.